**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RODOLFO PEREZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CA C-07-373** |
| | § | |
| **CAPTAIN McDONALD, ET AL.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate at a contract facility in Mineral Wells, Texas.  Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants, a Nueces County Police Department captain and a Texas Department of Public Safety Officer, falsely arrested and wrongfully imprisoned him in violation of the United States Constitution (D.E. 1).  Pending is plaintiff motion for appointment of counsel (D.E. 3).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create  a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  According to plaintiff, defendants wrongfully arrested and imprisoned him without probable cause and without a warrant.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate he reasonably intelligent and articulate and able to describe the facts giving rise to his claims.  Plaintiff can adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 3) is

denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 27th day of September, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE